# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALDRIDGE NOLAN, | |
| Petitioner, | NO. 3:17-cv-1124 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM

Presently before me is Magistrate Judge William I. Arbuckle's Report and Recommendation (Doc. 5) to Petitioner Aldridge Nolan's ("Nolan") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) Nolan contends that he is entitled to habeas relief under § 2241 because a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Magistrate Judge concluded that Nolan must pursue his claim for relief under 28 U.S.C. § 2255, and therefore recommends that Nolan's Petition be denied. Nolan filed timely objections to the Report and Recommendation. (Doc. 6.) Because Nolan's claim does not fall within the savings clause of 28 U.S.C. § 2255(e), the Report and Recommendation will be adopted in full, and Nolan's Petition will be dismissed without prejudice to his right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h) as they may apply.

## I. Background

On February 7, 2017, Nolan filed a motion to vacate, set aside, or correct sentence pursuant to 28.U.S.C. § 2255 in the United States District Court for the Northern District of Illinois. *United States v. Aldridge Nolan*, No. 3:17-cv-50037 (N.D. Ill. Feb. 7, 2017), ECF No. 1. Therein, Nolan challenged his sentence for

possession of a firearm by a felon under 18 U.S.C. § 922(g) as well as his Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e)(2)(A). *Id.* The Honorable Philip G. Reinhard found that Nolan's § 2255 motion was "without merit" and declined to issue a certificate of appealability, thus terminating the matter. *Id.* at ECF No. 9. Nolan now brings substantially the same arguments before this court under 28 U.S.C. § 2241.

## II. Legal Standard

When objections to a magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

## III. Discussion

Undergirding federal habeas law is an extensive procedural framework that limits when and how a petitioner may raise post-conviction claims for relief and which claims are reviewable in federal court. Concerns of federalism, comity, and finality shape this complex framework and have required the courts to generate specific rules for when a petitioner's claim may be adjudicated on the merits. *Mathias v. Superintendent*, 876 F.3d 462, 465 (3d Cir. 2017).

The Magistrate Judge accurately explained that two such rules afford a federal prisoner the opportunity to challenge either the execution or validity of his or her sentence. Under § 2241, a federal prisoner may challenge the *execution* of his sentence – such as a claim concerning the denial or revocation of parole, or a challenge to the place of imprisonment rather than the fact of conviction – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal

prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Brown v. Mendez*, 167 F.Supp.2d 723, 726 (M.D.Pa. 2001)("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.")(quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972)(per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of [] detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F.Supp.2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966)(per curiam).

The Magistrate Judge correctly observed that, in the instant petition, Nolan challenges the validity of his sentence rather than its execution. In particular, Nolan challenges the validity of his possession of a firearm by a felon conviction as well as his ACCA sentencing enhancement. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F.Supp.2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a petitioner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F.Supp.2d at 726-27. Nolan cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a §2241 petition instead. *Brown*, 167 F.Supp.2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

In his objections, Nolan raises essentially the same arguments he raised before Judge Reinhard and in his Memorandum in Support of the instant motion. *See* Doc. 4; *Nolan*, No. 3:17-cv-50037, ECF No. 1-1. In particular, Nolan relies heavily on

*Mathis v. United States*, 136 S. Ct. 2243 (2016) to argue that his predicate three Illinois felonies for possession with intent to deliver cocaine, possession with intent to deliver cocaine, and delivery of cocaine no longer qualify as "serious drug offense[s]" within the definition of 19 U.S.C. § 924(e)(2)(A).

I agree with Magistrate Judge Arbuckle that Nolan is unable to demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As Judge Reinhard explained in his order dismissing Nolan's § 2255 motion, *Mathis* does not apply to the Illinois felony for delivery of a controlled substance, and Nolan's ACCA sentence is therefore unaffected by *Mathis*. *See Nolan*, No. 3:17-cv-50037, ECF No. 9; *United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017). The fact that relief is not available under *Mathis* does not mean that a § 2255 motion is inadequate or ineffective in Nolan's case, but rather that, as Judge Reinhard found, Nolan's claim for relief is without merit.

### IV. Conclusion

For the above stated reasons, Nolan's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 is dismissed.

An appropriate order follows.

March 13, 2018　　　　　　　　　　　　　　　/s/ A. Richard Caputo　　
Date　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge